[737 NYS2d 722]

In the Matter of DAVID H. WALSH, IV, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, December 21, 2001

### APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel,* Rochester, for petitioner.
*John F. Speranza,* Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 12, 1980, and maintains an office for the practice

of law in Rochester. The Grievance Committee filed a petition charging respondent with converting a client's funds that were entrusted to him while he was engaged in estate planning on behalf of the client. Respondent admitted the material allegations of the petition and raised emotional and psychological problems as an affirmative defense. A hearing was held on respondent's affirmative defense and the Referee filed a report, which the Grievance Committee moves to confirm and respondent cross-moves to confirm in part. Respondent appeared before this Court to submit matters in mitigation.

Respondent admits that he accepted $11,000 in cash on behalf of his client, noted the receipt of the funds on the file and, instead of depositing the funds into his firm's trust account, placed the cash in his desk. He admits that he used $2,000 of the funds for personal purposes.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of client funds and render appropriate accounts to the client regarding them; and

DR 9-102 (d) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts.

In mitigation, we have considered the previously unblemished record of respondent, his cooperation with the Grievance Committee's investigation, and his prompt payment of restitution. Additionally, we note that the misconduct occurred during a period when respondent was experiencing emotional and psychological problems. Accordingly, we conclude that respondent should be suspended for a period of six months and until further order of the Court.

PIGOTT, JR., P. J., WISNER, HURLBUTT, KEHOE and LAWTON, JJ., concur.

Order of suspension entered.